## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

**DORIAN WILLIAMS**

        Plaintiff,

vs.                            Case No.      14 CV 821

**SMART SAND, INC.**


        Defendant.

## COMPLAINT

Plaintiff, Dorian Williams, by his attorneys, Bakke Norman, S.C. , by Peter M. Reinhardt, and Skinner and Associates, by Carol N. Skinner, state and complains of the Defendant as follows:

### PARTIES

1.      Plaintiff, Dorian Williams (hereinafter Williams) is an adult resident of the State of Wisconsin, residing in Galesville, Wisconsin.

2.      Defendant, Smart Sand, Inc. (hereinafter Smart Sand or Defendant) is a provider of industrial sand and related logistics services to the oil and gas industry, with facilities in the State of Wisconsin.  Its corporate headquarters is located at 1010 Stony Hill Road, Suite 175, Yardley, PA 19067.

3.      Defendant, Smart Sand, Inc., is an "employer" as defined in 29 U.S.C. § 2611(4).

### NATURE OF ACTION

4.      Plaintiff claims that he was discriminated against in the terms and conditions of his employment because of his race, retaliated against for requesting equal pay and opposing

1

discriminatory practices in pay, and refused rehire after layoff because of his race and/or in
retaliation for asserting his rights, all in violation of 42 U.S.C. § 1981.

## JURISDICTION

5.      Jurisdiction in this court is proper pursuant to 28 U.S.C. §1343.  Venue is
appropriate in the Western District of Wisconsin because the conduct giving rise to this Complaint
occurred in this district.

## FACTS

6.      Williams, an African American, was hired by Defendant as a Grounds Person
Laborer (also called "rail yard employee") at its primary facility in Oakdale, Wisconsin, on or
about July 16, 2012 and paid at a rate of $12 per hour.  At that time, other less experienced rail
yard employees, who were not African American and were similarly situated to Plaintiff, were
being paid more than Williams.

7.      Approximately six months after he was hired, Williams made an appointment to
speak with Robert Kriska, a Vice President of the Defendant, and asked him why other rail yard
employees who were less experienced were paid more than he was paid, saying that he wanted to
be paid equally.

8.      Kriska told Williams, "Everyone is not equal," but did not respond when
Williams asked what he meant by that statement.

9.      Kriska agreed with Williams that he was a good worker, and said he would raise
Williams' hourly wage by $2.00, per hour, and requested that Williams not discuss his wages
with anyone.

10.      William's hourly wage did not change following his discussion with Kriska.

2

11.     In the spring of 2013, Williams was asked by his supervisor, Ray Young, to train newly hired Grounds Person Laborers, because Williams was the most knowledgeable employee on his crew.

12.     The newly hired employees were not African American, had less experience than Williams, yet were paid more per hour than Williams for performing the same job and work.

13.     Upon becoming aware of the wage differential between Williams and the new employees, who were not African American, Williams' supervisor addressed the disparity twice with Defendant's management representatives, including its Operations Manager as well as VP Kriska, warning them of the possibility of a race discrimination suit.

14.     Defendant's management told Williams' supervisor that they were aware of the situation, and would take care of it.

15.     Williams thereafter received a $2.00 per hour increase, but continued to earn less than similarly situated non-African American coworkers, many of whom had less experience.

16.     While employed by the Defendant, Williams was the victim of racial slurs and disparate treatment because of his race, by coworkers and management.

17.     In October, 2013, Williams took a voluntary layoff, after being promised that he would be recalled March 1, 2014. Another similarly situated Caucasian employee was involuntarily laid off at the same time.

18.     Williams called Defendant in late February 2014, about returning to work, and was told instead to wait until his unemployment benefits ran out, and to call back after that occurred.

19.     In late April 2014, Williams returned to work, ready to begin, and was told that his position had been filled.

3

20.     Upon information and belief, new rail yard employees were hired shortly after Williams and the other employee were laid off.

21.     The Caucasian employee who had been involuntarily laid off at the same time as Williams, was recalled in October, 2013, for a short period, and again in February, 2014.

22.     In early spring of 2014, a coworker of Williams asked a member of Defendant's management when they would be calling Williams back to work. The member of management replied, "We ain't bringing that stupid nigger back."

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. §1981 - RACE DISCRIMINATION

23.     Williams realleges and incorporates herein all preceding paragraphs.

24.     Defendant paid Williams less than similarly situated coworkers because of his race.

25.     Defendant subjected Williams to adverse treatment in the terms and conditions of his employment because of his race by, among other things, paying him a lower hourly wage than similarly situated co-workers and not recalling him from lay off.

26.     Defendant failed and refused to recall Williams from layoff because of his race.

27.     Defendant's conduct as set forth herein was undertaken in violation of 42 U.S.C. §1981.

28.     Defendant's conduct as set forth herein was undertaken with malice and/or reckless indifference to Williams' federally protected rights against discrimination.

29.     Williams has suffered, and continues to suffer financially and emotionally, due to Defendant's conduct.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. §1981 - RETALIATION

30.     Williams realleges and incorporates herein all preceding paragraphs.

31.     Defendant subjected Williams to adverse treatment in the terms and conditions of his employment in retaliation for complaining about unequal pay.

32.     Defendant failed and refused to recall Williams from layoff in retaliation for complaining about unequal pay and race discrimination.

33.     Defendant's conduct as set forth herein was undertaken in violation of 42 U.S.C. §1981.

34.     Defendant's conduct as set forth herein was undertaken with malice and/or reckless indifference to Williams' federally protected rights against discrimination.

35.     Williams has suffered, and continues to suffer financially and emotionally, due to Defendant's conduct.

**WHEREFORE** Plaintiff requests the following relief:

A.     Judgment against Defendant in an amount sufficient to compensate Williams for financial damages suffered as a result of Defendant's conduct, including back pay, and reinstatement or front pay until such time as Williams is able to resume gainful employment at the salary paid similarly situated coworkers, and prejudgment interest on such amounts;

B.     Appropriate injunctive relief;

C.     Compensatory damages in an amount to be determined at trial;

D.     Punitive damages in an amount to be determined at trial;

E.     Reasonable attorney's fees and costs incurred;

F.     Such other and further relief as the court deems appropriate.

**A JURY TRIAL IS DEMANDED**

Dated   11/25/14

                              **BAKKE NORMAN, S.C.**


                              By:
                              Peter Reinhardt, Attorney No. 1025187
                              2919 Schneider Ave., P.O. Box 280
                              Menomonie, WI  54751
                              preinhardt@bakkenorman.com
                              (715) 235-9016

                              **SKINNER & ASSOCIATES**
                              Carol N. Skinner, Attorney No. 1017307
                              212 Commercial St.
                              Hudson, WI  54016
                              cskinner@skinnerlaw.com
                              (715) 386-5800

                              Attorneys for Plaintiff